# Richmond.

## SOMERS v. COMMONWEALTH.

### MARCH 30, 1899.

### Absent, Cardwell, J.

1. STATUTES—*Repeal by Implication.*—The repeal of a statute by implication is not favored, and the presumption is always against the intention to repeal where express terms are not used, or the later statute does not amend the former. Usually the two statutes must be irreconcilable to justify the presumption of an intention to repeal one by the other, and even then the later statute repeals the former only to the extent that the two are repugnant. But where the later statute embraces the whole subject of the former, and is plainly substituted for all former statutes on the subject, the former will be deemed to be repealed.

2. OYSTERS—*Dredging—Omission to Fix Penalty to a Forbidden Act.*— Dredging on private oyster grounds is not a criminal offence, and has not been since March 3, 1898. While such dredging is prohibited, no punishment is prescribed for doing it, nor is it declared to be a criminal offence.

Error to a judgment of the County Court of Accomac county, rendered September 26, 1898, in a criminal prosecution of the plaintiff in error for violation of oyster laws.

*Reversed.*

The opinion states the case.

*J. N. Stubbs,* for the plaintiff in error.

*Attorney-General A. J. Montague,* for the Commonwealth.

RIELY, J., delivered the opinion of the court.

The question to be decided in this case is whether it is a

criminal offence to take or catch oysters with dredges on private oyster ground.

The act of April 28, 1887 (Acts Extra Session 1887, p. 118), and the act of March 5, 1888 (Acts 1887-8, p. 486), amendatory thereof, among other things which they prohibit with respect to oysters, contain a provision against dredging on private oyster ground, even by the owner of the planted oysters, and prescribe a penalty of not less than ten, nor more than fifty dollars, for each violation of the provision.

Neither of the above acts is affected by the adoption of the Code of 1887, and the repeal of all acts and parts of acts of a general nature in force at the time of its adoption. Code, secs. 4202, 4203.

The things which are prohibited by the said acts, with the exception of dredging, are prohibited by section 2148 of the Code, which, like the said acts, is founded upon the original act of March 4, 1884 (Acts 1883-4, p. 324), and the amendments made thereof from time to time.

By act of March 3, 1898 (Acts 1897-8, p. 745), the act of March 5, 1888, and section 2148 were both amended and reenacted. While the provision against dredging is retained in the amendatory act, all punishment for its violation is omitted. The penalty prescribed for doing the other things prohibited plainly does not apply to dredging. The act simply prohibits dredging, without prescribing any punishment for its commission, or declaring it to be a criminal offence. It is, therefore, contended that the provision of the act of March 5, 1888, making dredging on private oyster ground a misdemeanor, is repealed by the act of March 3, 1898. It does not do so in express terms, and if the provision is repealed, it is by implication.

The repeal of a statute by implication is not favored by the courts. The presumption is always against the intention to repeal where express terms are not used, or the later statute does not amend the former. To justify the presumption of an inten-

tion to repeal one statute by another, the two statutes must be irreconcilable. If by a fair and reasonable construction they can be reconciled, both must stand. If, however, they are inconsistent and irreconcilable, then an intention to repeal is presumed, but only to the extent of the repugnance. *Fulkerson v. Bristol*, 95 Va. 1; *Davies & Co. v. Creighton*, 33 Gratt. 696; and Sutherland on Statutory Construction, sec. 138.

But where the later statute was plainly intended to embrace the whole legislation on the subject to which it refers, and to be wholly substituted for all former statutes on the same subject it must be held to be a legislative declaration that whatever is embraced in it shall prevail, and whatever is excluded is discarded and repealed. *Fox v. Com.*, 16 Gratt. 1; *McCready v. Com.*, 27 Gratt. 982; *Davies & Co. v. Creighton*, 33 Gratt. 696; and Sutherland on Statutory Construction, secs. 155, 156.

Laws are presumed to be passed with deliberation, and with a knowledge of all existing laws on the same subject and their various provisions. The act of March 3, 1898, both in its title and in the enacting clause, refers directly to the act of March 5, 1888, and makes it in part the subject of the amendment. It amends it and section 2148 of the code, " so as to read as follows," that is, in the words of the amendatory act. It is manifest that the act of March 3, 1898, was intended to be a repeal of all parts and provisions of the statutes amended, which were omitted from it. It is necessarily implied that what is left out is no longer in force. Sutherland on Statutory Construction, sec. 137. It, therefore, follows that dredging on private oyster ground ceased, with the passage of the act of March 3, 1898, to be a criminal offence.

The judgment of the County Court must be reversed, and the warrant against the plaintiff in error for taking and catching oysters with dredges from his private oyster grounds be dismissed.

*Reversed.*