# Richmond.

WAYT v. GLASGOW.

November 22, 1906.

Absent, Buchanan, J.

1. OFFICERS—*Change of ·Term—Power of Legislature.*—An office created by statute is within the control of the Legislature, and, in the absence of constitutional inhibition, it may, as a rule, change the term, mode of appointment and the like at pleasure. While it may not simply extend the terms of incumbents of municipal offices it may change the mode of election to an office and incidentally postpone an election, or readjust the commencement of an official term, and the fact that an incumbent is thereby continued in office for a longer period than he would otherwise have held it does not curtail the power of the Legislature nor justify the presumption of bad faith on its part.

2. OFFICERS—*City of Staunton—Police Justice—How and When to be Elected.*—The charter of the city of Staunton provided that the council of the city should at its first meeting in July of each year elect a police justice, who should hold office for one year. By a subsequent act of Assembly, in effect on and after June 12, 1906, it was provided that the police justice of said city should be elected by the qualified voters of the city at a designated regular election, and thereafter at every recurrence of such regular election. It is provided by the constitution and the general statute on the subject that all officers elected or appointed shall continue to discharge the duties of their offices after the terms of the same have expired until their successors have qualified. In July, 1906, the council elected a new police justice.

   *Held:* After June 12, 1906, the council had no power to elect a police justice, and the incumbent at that time had the right to hold the office until the election and qualification of a police justice under said act of the assembly; and further, that said act was a valid exercise of legislative power, and was a repeal, by implication, of the city charter in so far as the two are in conflict.

3. STATUTES—*Repeal by Implication.*—Where the provisions of two statutes conflict, and the one last enacted embraces the whole

subject of the former, and is plainly substituted for all former statutes on the subject, the former will be deemed to be repealed to the extent of the substitution.

4. APPEAL AND ERROR—*Enactment of Statutes—Constitutional Vote.*— Whether or not an Act of the Assembly was passed by the requisite constitutional vote is a question of fact to be determined upon evidence, and cannot be raised in this court for the first time. It might have been proved or disproved by the introduction in evidence of copies of the journal of each house printed as required by law. Questions of fact can only be considered by this court upon the record certified to it by the trial court.

Error to a judgment of the Corporation Court of the city of Staunton in a proceeding by information in the nature of a *quo warranto.* Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Carter Braxton* and *J. M. Perry,* for the plaintiff in error.

*Timberlake & Nelson* and *Braxton, Ker & McCoy,* for the defendant in error.

CARDWELL, J., delivered the opinion of the Court.

Joseph A. Glasgow filed an information in the nature of a *quo warranto* against Hampton H. Wayt, to try the right of the respondent to the office of police justice for the city of Staunton. The respondent demurred and answered, and the matter was heard upon the information, the demurrer and answer; the matters considered on demurrer being in their entirety practically the same set up by the answer, there being no controversy as to the facts of the case.

Upon a hearing of the cause before the Honorable George W. Morris, judge of the Corporation Court of the city of Charlottesville, sitting for the judge of the Corporation Court of the city of Staunton, it was held that the respondent was with-

out title to the said office, his demurrer was overruled and judg-- ment given in favor of the relator. To this judgment a writ of error was awarded by a judge of this court.

The following are the facts appearing in the record: Joseph A. Glasgow, defendant in error, had held the office in contro- versy for several terms immediately preceding this litigation. The office was created by the Legislature (Acts 1893-'94, pages 201, 219) in amending the charter of the city of Staunton. By the terms of this charter it is provided that the "council for the city shall elect at its first regular meeting after the passage of this act, and in the first meeting in July in each year, a police justice . . each of whom shall hold office for one year unless sooner removed for cause by the said council; and the said council shall define their powers and prescribe their duties, and fix their compensation in all cases, except where such powers, duties and compensation are set forth and prescribed in this act." Under this provision of the charter the defendant in error was elected by the council of the city of Staunton to the office of police justice on July 1, 1905, for a term of one year, expiring on July 1, 1906. By an act of the General Assembly (Acts 1906, page 251) provision was made for the election of a police justice for the city of Staunton by the qualified voters of the city instead of by the council of the city, as theretofore. That act is as follows:

"An Act to provide for the election and compensation of a police justice for the city of Staunton.

"1. Be it enacted by the General Assembly of Virginia, That for the city of Staunton there shall be one police justice and no more. The said police justice shall be elected by the qualified voters of said city at the first regular election for municipal officers (other than for mayor and members of the city council) which shall be held after the passage of this act, and thereafter at every recurrence of such regular election.

"2. Such police justice shall enter upon the duties of his office on the first day of January next following his election; he shall hold his office until his successor is elected and qualified, and he shall receive such compensation as may be provided by law."

This act, in accordance with section 53 of the Constitution, and section 4 of the Code of Virginia, went into effect ninety days after the adjournment of the General Assembly—to-wit: on June 12, 1906, but before the regular term of defendant in error expired. Notwithstanding this act, the city council undertook to elect plaintiff in error to the office of police justice for the term of one year, to expire July 1, 1907, under the provision in the charter of the city, *supra,* and upon this election or appointment he rests his claim to the office.

It is settled in this state that an office created by statute is within the control of the Legislature; that the term, mode of appointment, etc., may be altered by the Legislature at pleasure, there being no constitutional limitation on that power. *Sinclair* v. *Young,* 100 Va. 284, 40 S. E. 907, and authorities cited.

In the case here it was plainly the purpose of the Legislature to take away from the council of the city of Staunton the power of filling the office of police justice, and to make the officer elective by the qualified voters of the city. No other change with reference to the office is made by the act which took effect June 12, 1906, *supra,* the office being thereby recognized and continued, but to be filled by the qualified voters at the next general election for city officers (other than mayor and members of the city council), which election, as it happens, does not occur until November, 1909, and the police justice then to be elected takes the office for the term prescribed by law on January 1, 1910. Counsel for plaintiff in error do not seem to question the power of the Legislature to change, as it did, the mode of filling the office of police justice for the city of Staunton, but earnestly contend that until a police justice for the

city is elected, as provided by the act of March 8, 1906, and his term of office begins, the act has no effect upon the provision of the charter of the city, and under its provisions the council has authority to fill the office until such officer is elected as provided by the act of March 8, 1906, *supra,* and qualifies; and that, although the Legislature, directly or indirectly, may extend a term of office of an incumbent, provided the extension be reasonable and be incident to changing the time or manner of an election, the Legislature here has exceeded its power. A number of authorities are cited in support of these contentions, but as we do not consider that they are applicable they need not be reviewed. They apply, in the main, only where the legislative intent is clearly to extend the term of incumbents in office, and not where the Legislature, in the *bona fide* exercise of its power to deal with municipal officers, undertakes to postpone an election, or to readjust the commencement of official term, or to change the mode of election to an office. The mere fact that the Legislature, in order to make the change of the mode of filling the office of police justice for the city of Staunton, thereby incidentally continued an incumbent in office, cannot be urged as a reason against the exercise of the power to change the mode of filling the office; nor does the fact that this incidental continuance of the incumbent in office for a longer period than the fixed term of the office under the previous statute justify the presumption of *mala fides* on the part of the Legislature.

The authorities agree that in changing the term of an office, or the mode of filling the same, an incidental continuance of the incumbent in office must not be unreasonable, so unreasonable "as to raise the presumption of a design substantially to deprive the offices of their elective character," but they do not fix any standard by which the reasonableness or unreasonableness of the continuance may be determined.

The rule is well stated in Cyc., Vol. 15, page 343, as follows: "It is within the province of the Legislature to postpone

elections and readjust the commencement of official terms in order to do away with frequent and unnecessary elections, in which case the incumbent may either hold over, or special elections may be authorized to fill the vacancies thus occasioned until the next general election. Such statutes are not in violation of the constitution, where it is clear that the object is to regulate the time of holding elections, and not merely to extend the term of incumbents. But if the legislative intent is clearly to extend the term of present incumbents in office the act will fall within the constitutional inhibition of such legislative interference."

What is meant in this text by the use of the words "legislative interference" clearly refers to the right of local self-government, provided for in section 120 of our constitution, which is as follows: "All city and town officers, whose election or appointment is not provided for by this constitution, shall be elected by the electors of such cities and towns, or of some division thereof, or appointed by such authorities thereof, as the General Assembly shall designate." No one can read our present constitution and doubt that it was the purpose and aim of the honorable body framing it to generally provide against the frequency of elections made necessary by the provisions of the constitution theretofore in force since 1870; and recognizing that the carrying out of that policy by provisions in the new constitution and the acts of the General Assembly enacted in pursuance thereof would necessarily give rise to cases of the character of the one we have before us, section 33 of the constitution—a provision in our former constitution, and found in the organic laws of nearly all, if not all, of the several states of the union—was adopted, which provides that all officers elected or appointed shall continue to discharge the duties of their offices after the terms to same have expired, *until their successors have qualified.* Under this provision and the general statute on the subject defendant in error was the incumbent of the office of police justice of the city of Staunton

on the 2d day of July, 1906, as he had been theretofore from the 1st day of July, 1905, clothed with the powers and charged with the performance of its duties until his successor is duly elected and qualified.

In *Commonwealth* v. *Drewry,* 15 Gratt. 1, the opinion by Samuels, J., says: "I attach no weight to the argument that the General Assembly might prolong the office of an incumbent for a longer period of time by postponing the term of his successor. The exercise of a power is not to be questioned only because it may be abused. The most salutary powers, plainly granted, may be perverted; yet it would be unreasonable to hold that, therefore, those powers do not exist." And further: "If the beginning of the term of Butts, successor of Drewry, was lawfully postponed, then the constitution required Drewry, the incumbent, to continue to discharge its duties."

After the act of March 8, 1906, *supra,* took effect, on June 12, 1906, the successor of defendant in error to the office of police justice for the city of Staunton could not be chosen until the election to be held November, 1909. The interim between the expiration of the regular term of the office, on July 1, 1906, and the beginning of the term of defendant in error's successor, on the 1st day of January, 1910, is a mere incident of the change made in the mode of filling the office, there being no other change whatsoever with respect to the office; so that the charter office of police justice for the city of Staunton remains exactly as it was, except for the fact that it is now elective instead of appointive. This change being clearly within the constitutional power of the Legislature, the contention that the act making the change is to be suspended in its operation until the general election of November, 1909, has no ground to rest upon. To take this view the court would have to hold the act of March 8, 1906, *supra,* constitutional, if suspended and kept in abeyance until the general election in November, 1909, but unconstitutional, if given effect ninety days after the adjournment of the Legislature enacting it. If the con-

tention that the act of March 8, 1906, *supra,* is unconstitutional
if given effect as provided by law, because violative of the prin-
ciple of local self-government, could be sustained, and for that
reason it be held that it does not take effect before 1909, in
order to save its constitutionality, the repugnancy between the
act and the charter of the city of Staunton would be just as
great in November, 1909, as it is now.    If the city council, as
plaintiff in error contends, has the right to elect each year a
police justice for a term of one year under the charter until
1909, we would have in office a police justice in November,
1909, appointed in the preceding July for a term of one year, ·
and another police justice elected under the act in question,
who would be entitled to demand the office on January 1, 1910,
when the council's appointee would have finished just one half
of his term.    Clearly had it been intended by the Legislature
that this act should not become effective at the regular time
fixed by law it was entirely competent for it to have said so,
and not having said so it necessarily became effective, under
the constitution and under section 4 of the Code of 1904, June
12, 1906, as we have stated; and it is to be presumed that the
act was passed and allowed to become operative with section
33 of the constitution in view and with knowledge on the part
of the Legislature that there would be no vacancy whatever in
the office of police justice for the city of Staunton and no inter-
ruption in the public service, and that the incumbent in office
at the time would continue to exercise the powers and to dis-
charge the duties of the office until the election by the people
of his successor.

This statute being effective from and after June 12, 1906,
necessarily the provision of the city's charter authorizing the
common council to fill by appointment the office of police justice
becomes inoperative, null and void.    It is true that repeals by
implication are not favored, and a statute passed later in time
will not be construed as repealing a former statute on the same
subject, unless it be clear that the repugnancy between the two

statutes is such that they could not have been designed to re-
main equally in force; but'where the co-existence of the two sets
of provisions would be destructive of the object for which the
later act was passed, it is clear that there must be an implied
repeal. In other words, where the later statute embraces the
whole subject of the former, and is plainly substituted for all
former statutes on the subject, the former will be deemed to be
repealed. Black on Interpretation of Laws, 1,115; Sutherland
on Stat. Constr., section 138; *Somers* v. *Com'th,* 97 Va. 759,
33 S. E. 381, and authorities cited.

Where, however, it is necessary to hold an earlier statute
impliedly repealed by a later one, on account of the repugnancy
between them, the extent of the repeal will be measured by the
extent of the necessary conflict or inconsistency between them;
and if there are parts or provisions of the earlier law which
may stand as unaffected by the later act, they will not be held
repealed thereby. Black on Inter. of L., *supra,* p. 115; Suther-
land on Stat. Constr., section 138, 383, and authorities cited
in notes.

As will be observed by reference to the act of March 8, 1906,
set out above, after providing "That for the city of Staunton
there shall be one police justice and no more," it is further pro-
vided that "The said police justice . . . shall be elected by
the qualified voters of the city at the next general election
(other than for mayor and members of the city council) which
shall be held after the passage of this act." It then goes on to
make the election regular by providing for the holding of it
regularly thereafter at every recurrence of such general elec-
tion. No change of any sort is made in the office, or in its pow-
ers or duties. The existing office of police justice for Staunton
is left by the act exactly as it was before, except for the single
change that it is now elective by the people instead of being
appointive by the council. To change the office only in respect
to the mode of filling it more apt language to carry out the
intent could not have been employed. There is nothing what-

ever in this case to suggest any other than a legitimate and reasonable purpose on the part of the Legislature to merely change the mode of filling an office. The change is nothing more than an amendment of the city's charter as to the mode of filling the office of police justice. Our view, therefore, is that from and after the act of March 8, 1906, became operative, on June 12, 1906, there was no longer any power or authority in the council of the city of Staunton to fill the office of police justice; that the said act necessarily repealed the provision in the charter of the city, by which the council of the city was theretofore authorized to fill said office; and that the appointment by the council of plaintiff in error to said office on July 2, 1906, is null and void. Among the decisions of courts of other states in point, sustaining the conclusion we have reached, are *Ranson's Case,* 73 Mo. 78; *State, ex rel. Crow* v. *Smith* (Mo. Sup.), 54 S. W. 221, 47 L. R. A. 560; *Swanger* v. *Rose* (Ky.), 49 S. W. 40; *State* v. *McNaugh* (Ind.), 51 N. E. 117, 43 L. R. A. 408; *Common Council* v. *Schmid* (Mich.), 87 N. W. 384; *Scott* v. *State* (Ind.), 52 N. E. 163; *State* v. *Bailey* (Minn.), 33 N. W. 778; *Wilson* v. *Clark* (Kan.), 65 Pac. 705; *State* v. *Simon* (Ore.), 26 Pac. 171; *Sipe* v. *People* (Col.), 56 Pac. 571.

After the case had been argued and submitted for decision counsel for plaintiff in error, by a communication addressed to the court, seek to have us pass upon the question whether or not the act of March 8, 1906, received on its passage the vote required by section 117 of the constitution—that is, a recorded two-thirds vote of all the members elected to each branch of the General Assembly. As authority for the court now considering the question the case of *Sanger* v. *C. & O. Ry. Co.,* 102 Va. 86, 45 S. E. 750, is relied on. In that case counsel for defendant in error did, after the case had been argued and submitted, call the court's attention to the question whether or not the court had jurisdiction of the cause, and the court did pass upon the question; but that was a question of law already before the court, or of which the court might have taken judicial notice,

the question of jurisdiction being an open question of law in every case until the case is finally disposed of.

In this case, whether the act in question received on its passage the requisite constitutional vote—a question not suggested in the record—is a question of fact, which could only be determined upon evidence *aliunde*. True, the question might have been determined in the lower court, had it been raised, upon record evidence, but like any other fact relied on, it had to be proved, and might have been proved or disproved by the introduction in evidence of copies of the journal of each house of the General Assembly, printed as required by law. Section 3229, Virginia Code, 1904. This question not having been raised and therefore not considered by the lower court, it is not in the record, and we can only consider the case, as to questions of fact, upon the record certified to us from the trial court as provided by law.

The judgment of the Corporation Court of the city of Staunton is affirmed.

*Affirmed.*