# Richmond.

## FOSTER v. JONES.

### December 4, 1884.

1. LEGISLATURE—*Offices.*—The general assembly cannot, directly or indirectly, abolish any "constitutional office"; that is, one whose tenure is defined by the constitution, but may, directly or indirectly, abolish any "legislative office"; that is, one created by the general assembly itself.

2. IDEM—*County Judges—Territorial Jurisdiction.*—Where a county judge has been elected for a judicial district, composed of two counties, the legislature may curtail his jurisdiction, his territorial district having still at least eight thousand inhabitants.

3. IDEM—*Idem—Salaries.*—Such curtailment and consequent loss of the additional compensation of twenty dollars for every thousand inhabitants over ten thousand, provided for county judges by act approved March 12th, 1878 (Acts 1877–78, p. 172, sec. 10), did not violate section 22, article VI, of the constitution, which declares that "all the judges shall receive such salaries and allowances as may be determined by law, the amount of which shall not be diminished during their term of office."

Upon petition of Hon. John D. Foster for a *mandamus* to compel J. H. C. Jones to deliver up to him the office of judge of the county court of King & Queen county. Foster was duly commissioned January 31, 1880, judge of the county courts of King & Queen and King William counties for the term prescribed by law, and qualified as such, and continued to discharge the duties until February 7th, 1884, when Jones assumed the office, claiming that by an act approved January 18th, 1884, the general assembly had made the county of King & Queen a

separate judicial district, and had on 24th January, 1884, elected, and the governor had since commissioned him to be judge of said district.

*George P. Haw,* for the petitioner.

*H. R. Pollard,* for the respondent.

HINTON, J., delivered the opinion of the court:

This is an application on the part of the Hon. John D. Foster to this court for a writ of peremptory *mandamus* to compel the restoration to the petitioner of the office of county judge of the county of King & Queen, which he claims is now usurped and withheld from him by the Hon. J. H. C. Jones. The petition sets out, that in January, 1880, the Hon. John D. Foster was elected and commissioned as judge of the counties of King & Queen and King William, which then formed what was known as district No. 41, and proceeded to discharge, and was discharging, the duties of his said office on the 7th day of February, 1884, when the said J. H. C. Jones, claiming that he had in January, 1884, been elected judge of the county of King & Queen by the general assembly of Virginia, took possession of the said office of county judge for the county of King & Queen, and refuses to render the same back to the petitioner. It then goes on to allege that the election by the general assembly of the said Jones to the office of county judge of King & Queen was unconstitutional; that his commission is illegal and void, and that he is not entitled to said office. To this the respondent answers: " That the general assembly of Virginia, by virtue of the power vested in it under the constitution, passed an act, which was approved on the 18th day of January, 1884, to district the state for county judges, whereby the county of King William, which had been theretofore attached to the county of King & Queen, was separated

from it, and designated as district No. 41, and entitled to a county judge, and the county of King & Queen was designated as district No. 84, and entitled also to a county judge." The answer further says that, at the time of the redistricting, the said Foster was a resident of the county of King William, and the county of King & Queen being without a county judge, he, the respondent, was thereupon regularly and properly elected judge of that county.

From this brief statement of the case, as disclosed in the pleadings, it will be readily seen that the real inquiry is, whether Judge Foster, notwithstanding the division of the district, and his residence in the county of King William, is still judge of the county of King & Queen, and the answer to be given to this inquiry must depend upon the power of the legislature to curtail the territorial jurisdiction of a county judge after his election. The determination of this question in this case is freed of much of the difficulty which usually attends the decision of cases of this character, by the circumstance, that the legislature has been careful, in making the division, to leave Judge Foster as judge of King William, the county in which he resides. *The State ex rel. Ives* v. *Choate,* 11 Ohio, 511; *State* v. *Messmore,* 14 Wis. 170. We think it may fairly be assumed in the outset to be an undeniable proposition, that the two branches of the legislature, as the direct representatives of the people, have the right, when no restrictions have been imposed upon them, either in express terms or by necessary implication by the constitution, to create and abolish offices accordingly as they may regard them as necessary or superfluous. And that they may also, under like circumstances, deprive the officers of their salaries, either directly, by removing them from office, or indirectly, by so changing the organization of the departments to which they are attached as to leave them without a place. But of course this power in the legislature cannot be construed to extend to any of the various classes of officers which are known as constitutional officers; that is, to any of those

officers whose tenure and term of office are fixed and defined by the constitution. *State* v. *Messmore,* 14 Wis. 167; *Com.* v. *Gamble,* 62 Penn. St. 352.

Now, it will be observed that the office of county judge is fixed by the constitution, and the term of office is clearly defined in the same instrument. It is, therefore, a constitutional office, and the county judge is a constitutional officer. In passing upon any question, by the determination of which the rights of any such officer may be supposed to be affected, the courts must look to the constitution, and give to its provisions such a construction as will preserve to the officer his clearly defined constitutional rights, and yet shall not trench upon the inherent rights of the legislature, which should seldom be adjudged to have been surrendered in a doubtful case. Cooley on Const. Lims. 173.

Section 13 of article VI of the constitution of Virginia, reads as follows: "In each county of this commonwealth there shall be a court called a county court, which shall be held monthly by a judge learned in the law of the state, and to be known as the county court judge; provided, that counties containing less than eight thousand inhabitants shall be attached to adjoining counties for the formation of districts for county judges. County court judges shall be chosen in the same manner as judges of the circuit courts. They shall hold their office for a term of six years, except the first term under this constitution, which shall be three years, and during their continuance in office they shall reside in their respective counties or districts," &c.

From the mere reading of these provisions it will be seen that if it is not made the duty of the legislature to elect a county judge for each county of the commonwealth, having a population of eight thousand inhabitants (upon which point we express no opinion), at least they are not prohibited from doing so whenever, in their judgment, it may be deemed 'expedient or proper.

Now, as there is nothing in the constitution which expressly or impliedly confers upon the county judge the right to a terri-

torial jurisdiction over more than one county, where that county contains as many as eight thousand inhabitants, and as the legislature, independently of any constitutional restrictions, has the power to curtail the territorial jurisdiction of the county judge to a county having at least that number of inhabitants, it must follow that the legislature had the right in this case to separate the county of King William from the county of King & Queen, to which it had been theretofore attached (in consequence of having less than eight thousand inhabitants), and erect it into a separate district; the census of 1880 having, as is admitted, disclosed the fact that it then contained more than that number of inhabitants. It is argued, however, that if this be so, that then the legislature has the power, in contravention of the provision of section 22 of article VI of the constitution, to diminish the salary of the county judge during his term of office. But this by no means follows. Judge Foster was elected judge of judicial district No. 41. He is still judge of the only judicial district No. 41, of which we have any knowledge. It is true that the territorial limits of that district have been diminished. But he must be held to have accepted his commission subject to any change of this sort which the legislature might deem it expedient to make. His salary, however, has not been diminished. As a matter of fact, he does not and cannot receive the "additional compensation of twenty dollars for every thousand inhabitants over ten thousand" which he received under the provisions of sec. 10 of chap. 183 of the acts of 1877–78, whilst he was judge of both counties. The words "salaries and allowances" as used in sec. 22 of art. VI of the constitution, do not, in our opinion, include the "additional compensation" provided for by this act. This compensation is a provision allowed by the legislature in addition to the salary of the judge. And it is by the very terms of the act made fluctuating and dependent upon the number of inhabitants a county or district may have in excess of ten thousand. Our conclusion is, that Judge Foster accepted his commission subject to the right of

the legislature to divide his district, whenever within the limits of their constitutional powers, they might deem it necessary; that he is not the county judge of the county of King & Queen, and is not entitled to a salary or compensation as judge of that county. The writ is therefore denied, the rule discharged and the petition dismissed.

MANDAMUS DENIED.