## Staunton.

### FRAZIER v. VIRGINIA MILITARY INSTITUTE.

OCTOBER 8th, 1885.

1. V. M. I.—*Corporate Name.*—The corporate name of the institute at Lexington, is "The Virginia Military Institute." Code 1873, chapter 31, section 9.
2. UNLAWFUL DETAINER—*Evidence—Record.*—In unlawful detainer by corporation against its ex-treasurer for possession of house and lot allowed him as residence whilst in office as part of emoluments, the records of the corporation are admissible as evidence to show the arrangements made between the parties.
3. IDEM—*Issue triable without plea.*—In such action, though defendant does not put in the prescribed plea of "not guilty," yet a jury is impaneled to try whether he unlawfully withholds the premises in controversy. *Olinger* v. *Shepherd*, 12 Gratt. 462.
4. IDEM—*Case at bar.*—V. M. I. board of visitors on 30th July, 1884, ordered that the treasurer's salary be $1,000 *per annum*, and $100 for fuel and lights, and that he have the use of the hospital building, and appointed F. such treasurer for the term of one year from that day. The new board on 16th December, 1884, vacated the office; but F. withheld the building, claiming that the old board had rented it to him for one year at $180, deducted in advance from his salary of $1,280.

On unlawful detainer for its possession—

HELD:
   1. F's right to possess the building being part of the emoluments of the office, ceased at his removal.
   2. Appointment to office is not a contract, and vests no rights in the appointee to the salary or emoluments thereto attached.

Error to vacation order of judge of circuit court of Rockbridge county, denying writ of error and *supersedeas* to judgment of county court of said county in an action of unlawful

detainer, wherein the Virginia Military Institute was plaintiff and James A. Frazier was defendant. The object of the action was to recover possession of the hospital building within the enclosure of the institute at Lexington. The board of visitors on 30th July, 1884, ordered that the salary of the treasurer of the institute be $1,000 *per annum* and $100 additional for fuel and lights, and that he have the use of the house and premises known as the hospital building, and that James A. Frazier be appointed treasurer for the term of one year, commencing that day. The general assembly on 18th of November, 1884, appointed a new board, which, on 16th December, 1884, ordered that the office of treasurer be vacated, and appointed W. T. Poague to fill the same, who duly qualified. Frazier was notified to surrender the house and premises; but withheld the same, claiming that the old board rented him the house and lot for a year at $180, deducted in advance from his salary, which was $1,280, when the treasurer had not the use of a dwelling-house. The institute brought unlawful detainer. At the trial several exceptions were taken by the defendant to the rulings of the county court, which the opinion mentions. A jury being waived, the entire matter of law and fact was submitted to the court, which, having heard the evidence and arguments of counsel, decided that the defendant unlawfully withholds possession of said house and lot from the plaintiff. To this judgment the defendant excepted, and applied to the judge of the circuit court for writ of error and *supersedeas;* and this being refused, he obtained such writ to the order of refusal from one of the judges of this court.

*F. S. Blair*, for the plaintiff in error.

*E. & E. M. Pendleton*, for the defendant in error.

HINTON, J., delivered the opinion of the court.

It is urged for the defendant in error that the plaintiff corporation was not properly named in the writ. The contention is that section two of chapter thirty-one of the Code 1873, provides that "there shall be a board of visitors for the institution composed of," &c.; and that they are "declared to be a corporation," with power to sue and be sued, and that therefore, and of necessity, their corporate name must be, "The Board of Visitors of the Virginia Military Institute."

But this certainly does not follow. It is true that it would have been more in accordance with the usual course, in such cases, for the draftsman of the act to have inserted the corporate name in this section. But whilst the legislature has omitted to give us the corporate name in this section, it has not left us in doubt as to what that name was, for in the ninth section of the act it gives "The Virginia Military Institute" as the specific name of the corporation, and vests in the corporation known by that name "the title to all the property now held by the Commonwealth for the Virginia Military Institute." This it would certainly not have done had the proper corporate title been, "The Board of Visitors of the Virginia Military Institute."

The next assignment of error is that the county court improperly allowed the records of the board of visitors to be introduced in evidence on the trial of the action. But this objection appears also to be untenable. A corporation is an inanimate, artificial being, having no power to act except through living agents. "It cannot write, and therefore it can record nothing except through its agents, who act for it and express its will. Usually this is done by a body called the board of directors." In this case, however, the legislature has seen fit to invest a body of men called, "The Board of Visitors," with the control of the affairs of this institution, and have authorized them to act for it. And they have the power to appoint the

professors and officers, including the treasurer; fix their salaries; and, in proper cases, to remove them. Chapter 31 of the Code 1873.

Now the records of this board of visitors are the records of the corporation, known as the Virginia Military Institute, and they were properly admitted to show what arrangements had been made by this corporation for the defendant.

The third assignment of error is that the court improperly admitted the testimony of Gen. Smith, the superintendent of the institute, as to the character of the building, which the defendant claimed he had leased, and that it was needed as a hospital for the cadets. But this evidence was clearly admissible, because it tended to justify the action of the board in requiring the plaintiff in error to vacate the building.

The fourth assignment of error is that the judgment of the court was contrary to the law and the evidence. As the record shows, a jury was waived, and the whole matter of law and fact was submitted to the court. It must be regarded as settled, that with regard to appointments to offices like the one in this case, there is nothing like a contract raised as to the salary, emoluments or allowances attached to the office. *Loving* v. *Auditor of Public Accounts,* 76 Va. R. 942; *Holladay, Judge,* v. *The Auditor,* 77 Va. R. 425. There is, therefore, nothing in the law of the case upon which the plaintiff in error can found his claim to have had "a vested right to the use and occupation of the house for the balance of the year," nor do we find in the evidence anything which satisfactorily establishes that there was a contract of lease as to the hospital building.

Upon a careful consideration of the entire evidence, it appears to us that there was allowed to the treasurer of this institution, as a part of the salary and emoluments of the office, the use of the house and premises known as the hospital building, free

of rent; and that when the plaintiff in error ceased to be treasurer, his right to occupy this building also ceased.

The last assignment of error is that there was no plea tendered or issue joined in this case, and that therefore the whole proceeding in the county court is void. And this seems to us to be fully answered by the following extract from the opinion of Moncure, J., in *Olinger* v. *Shepherd*, 12 Gratt. p. 462: "The complaint under the new law is, 'that the defendant is in possession,' and as it is said, 'unlawfully withholds from the plaintiff the premises in question.' The defendant either pleads or makes default; and in the former case his plea is, 'not guilty.' *Whether he pleads or makes default*, a jury is impaneled to try 'whether he unlawfully withholds the premises in controversy;' and, of course, if the defendant waives a jury, and submits the whole matter, as he has done in this case, to the court, the same result follows, the only difference being that in such a case the judge discharges the duties of both court and jury." For these reasons we are of opinion that the judge of the circuit court did not err in refusing a writ of error to the judgment of the county court of Rockbridge, and that the judgment of said county court must be affirmed.

JUDGMENT AFFIRMED.