### Richmond.

## SINCLAIR AND OTHERS v. YOUNG AND OTHERS.

### March 13, 1902.

1. MANDAMUS—*Title to Office—Detinue—Quo Warranto.*—Mandamus is an appropriate remedy to compel one not entitled to a public office to refrain from exercising its functions, and to deliver to the rightful claimant property belonging to the office. Neither detinue nor *quo warranto* are adequate remedies, even if detinue would lie in such case to recover the property.

2. QUO WARRANTO—*Title to Office.*—Title to a public office may be determined by *quo warranto*, but that remedy is not exclusive, and is not the usual remedy resorted to by a successor in office to try the title of his predecessor and to recover the property belonging to the office.

3. MANDAMUS—*Other Adequate Remedy.*—To supersede the remedy by mandamus the party must not only have a specific remedy, but one competent to afford relief upon the very subject matter of litigation, and one which is equally as beneficial and effective as the proceeding by mandamus.

4. STATUTES—*Repeal by Implication—Mandamus—Quo Warranto—Code, Chapter 145.*—Repeals by implication are not favored, and it is not to be presumed that a useful remedy which has been long resorted to has been taken away unless such intention is plainly expressed. Chapter 145 of the Code does not abolish by implication the established procedure of trying title to office by *mandamus*.

5. CONSTITUTIONAL LAW—*Re-Enactment of Statutes—Electoral Boards.*—An independent resolution of the General Assembly appointing members of an electoral board for a single county, thereby supplying an omission under a previous act, amending a section of the Code, but leaving the general law intact, is not an amendment of the previous law in the sense that it must be re-enacted and published at length as required by Article V., Section 15, of the Constitution.

6. OFFICERS—*Legislative Power Over—Vested Rights—Case at Bar—Elec-*

*toral Boards.*—An office created by statute is wholly within the
control of the Legislature. The term, mode of appointment, and
compensation may be altered by the Legislature at pleasure, and the
compensation may be taken away entirely without abolishing the
office. There are no constitutional limitations on that power, and
the Legislature may exercise it without let or hindrance. The offi-
cer has no vested rights in the office as against the Legislature. In
the case at bar the former officers were simply holding over after
their term of office had expired until their successors were elected
and had qualified. When this was done, they no longer had any
right to hold the office.

Error to a judgment of the Circuit Court of Warwick county,
rendered April 9, 1901, on a petition for a mandamus wherein
the defendants in error were the petitioners, and the plaintiffs in
error were the defendants.

*Affirmed.*

The opinion states the case.

*Causey, Jones & Woodward,* for the plaintiffs in error.

*O. D. Batchelor* and *J. F. Hubbard,* for the defendants in
error.

WHITTLE, J., delivered the opinion of the court.

At its regular session, 1899-1900, the General Assembly of
Virginia failed to elect an electoral board for the county of
Warwick, as prescribed by section 64 of the Code, as amended.
(Acts 1899-1900, p. 843.)

To remedy the omission, at the extra session of 1901, the
following joint resolution was passed:

"Whereas the General Assembly, during its session of
1899-1900, failed to elect members of the Electoral Board of
Warwick county; therefore, be it

"Resolved by the Senate (the House of Delegates concurring),
That J. C. Curtis, John A. Young, and J. H. Ham, qualified

voters-and residents of the county of Warwick, be, and they
are hereby, elected members of the Electoral Board of Warwick county.

"This resolution shall be force in from its passage." (Acts 1901, p. 261.)

The resolution was approved February 15, 1901.

The Electoral Board for that county, prior to the election of the new board, was composed of John A. Young, J. F. Bonewell, and Thomas A. Sinclair, whose term of office expired April 1, 1900, but who were to hold over after that date 'until their successors were regularly elected and qualified." The members of the new board forthwith qualified and organized February 18, 1901, by electing J. H. Hain chairman, and John A. Young secretary. At that meeting, an order was made directing Thomas A. Sinclair, the secretary of the former board, to deliver all books, and seal, and other papers in his custody pertaining to the Electoral Board of Warwick county to John A. Young, secretary of the new board. Sinclair refused to comply with that order, and, thereupon, the members of the new board presented a petition to the Judge of the Circuit Court of Warwick county, in vacation, praying for a peremptory writ of *mandamus,* commanding and requiring Thomas A. Sinclair and J. F. Bonewell to surrender and deliver up to petitioners the record book, seal, and other papers belonging to the Electoral Board, likewise to altogether desist from the further exercise of the functions of that office. The case was heard April 9, 1901, on the petition and exhibits, the demurrer and answer of the defendants, and upon an agreed statement of facts, in addition to the documentary evidence exhibited with the pleading. Whereupon the Circuit Judge awarded a peremptory writ of *mandamus* in accordance with the prayer of the petition.

The case is here upon a writ of error to that order.

A number of questions were raised and discussed, many of which have been settled by decisions of this court.

It was insisted that the proper remedy for the recovery of the articles referred to was an action of detinue. No authority was adduced to sustain that contention, and no case is recalled in which that form of action has been resorted to by a board of public officers to recover public property unlawfully withheld by their predecessors in office.

That action is employed to recover, in specie, personal chattels from one in possession, who unlawfully detains them from the real owner, or from one having a special property therein, with damages for the detention. The judgment is in the alternative, that the plaintiff recover the property sued for, or its value, if the specific chattel cannot be returned.

The money value of official books, papers, and seal would prove a poor equivalent for specific articles, indispensable to the discharge of official functions. The alternate judgment, too, would be for the benefit of one having no personal interest in the subject matter. It can hardly be affirmed of such a proceeding that it would afford a complete and adequate remedy in the case under consideration.

A public officer has no property rights in the books, seal, and papers pertaining to his office. He has a right to their custody and use only during his term, at the expiration of which it is his duty to deliver such articles to his successor. The duty is ministerial, and should he neglect or refuse to discharge it, the performance may be compelled by *mandamus*. *Pet'rs* v. *Auditor*, 33 Gratt. 368; *Childrey* v. *Rady*, 77 Va. 518; *Clay* v. *Ballard*, 87 Va. 787.

It was further contended that *mandamus* in this case was employed to try title to the office, which, it was argued, could only be done by *quo warranto*. It is true that the title of the defendants in error to the office was, incidentally, drawn in question, for, in determining who was entitled to the possession of the record book and other property belonging to the Electoral Board, it was essential to decide, and the Circuit Judge

did decide, who were the legally constituted members of that board.

This question, doubtless, could have been litigated by *quo warranto*, but that remedy is not exclusive, and has not been the usual remedy resorted to in that class of cases. Indeed, if the contention of counsel for plaintiff in error is correct, that detinue is the proper remedy to recover the books and seal, and *quo warranto* to try title to the office, neither can be said to afford an adequate remedy in a case which involves the possession of the former, and the title to the latter.

In the case of *Lewis* v. *Whittle*, 77 Va. 415, where *mandamus* was held to be the proper remedy in a case similar to this, it was said that *quo warranto* was not so efficient, because, while the occupant might be removed, the claimant could not be installed.

In *Richmond Rwy. Co.* v. *Brown*, 97 Va. 26, 33, this court said: "The remedy at law which will operate as a bar to *mandamus* must generally be such a remedy as will enforce a right, or the performance of a duty. A remedy cannot be said to be fully adequate to meet the justice and necessities of a case unless it reaches the end intended, and actually compels a performance of the duty in question. Such other remedy, in order to constitute a bar to *mandamus*, must be adequate to place the injured party, as nearly as the circumstances of the case will permit, in the position which he occupied before the injury or omission complained of.

"The controlling question is not, 'Has the party a remedy, but is that remedy fully commensurate with the necessities and rights of the party under all the circumstances of the particular case?'

"To supersede the remedy by *mandamus* the party must not only have a specific remedy, but one competent to afford relief upon the very subject matter of his application, and one which is equally as beneficial and effective as the proceeding by *mandamus*." 2 Spalding Ex. Relief, sec. 1375.

Without undertaking to discuss the scope of the remedy by *quo warranto* under the provisions of chapter 145 of the Code, it cannot be said to abolish, *by implication*, the established procedure in this State—a practice sustained by a line of decisions covering over a century of its judicial history—that title to office can be tried by *mandamus*. There is no doubt that a statute may take away an existing remedy, but the presumption is that the Legislature has no such intention unless it is plainly expressed. Repeals by implication are not favored. The application of the writ of *mandamus*, by the earlier cases, to controversies involving the title to public office, and to compel one not entitled to abstain from exercising its functions and to deliver to the rightful claimant property belonging to the office, has been consistently followed by the courts in this State to the present time.

It is now the well settled practice, and affords a simple, expeditious, adequate, and complete remedy in such cases.

It was first so applied in *Smith* v. *Dyer*, 1 Call, 488. (Decided in 1799.) By that procedure, Dyer, who had been illegally ousted as clerk of the County Court of Pendleton county, was restored to office.

In *Dew* v. *Judges of Sweet Springs*, 3 Hen. & Munf. 1, Judge Tucker, speaking for the court, remarked: "It lies to compel the admission or restoration of the party applying to any office or franchise of a public nature, whether spiritual or temporal."

Replying to the contention that the writ would not lie where there was another remedy, Judge Tucker proceeds: "It has been objected, however, that a *mandamus* will not lie where the party hath another legal and specific remedy; but, we are told otherwise by Judge Blackstone, who calls it a high prerogative writ of a most extensive remedial nature, and that it may be issued in some cases where the injured party hath also another more tedious method of redress, as in the case of ad-

mission or restoration to an office. This is the very case before us now; and, although possibly the injured party may have another remedy, I think there is no other so well adapted to the nature of the case as that by *mandamus.*"

In commenting on those cases, it was said by Judge Daniel, in *Booker* v. *Young,* 12 Gratt. 306: "The proceeding by *mandamus* seems to me to be a fair, convenient, and ready mode of litigating and deciding upon questions such as those presented by the record of this case."

The propriety of resorting to it in cases of the like kind is, we think, fully sustained in *Smith* v. *Dyer,* 1 Call. 562, and in *Dew* v. *The Judges of Sweet Springs,* 3 Hen. & Munf. 1.

We are not aware that the authority of those precedents has been questioned in any subsequent decision of this court, and they furnish, in our opinion, a satisfactory answer to the objections made here to the remedy selected by the petitioner.

It was insisted that the first resolution of February 15, 1901, was an amendment of section 64 of the Code, and contravenes Article V., sec. 15, of the Constitution of the State, in that it fails to "re-enact and publish at length" that section.

It is sufficient to say of this assignment that the joint resolution is in no sense an amendment of the section referred to. Its object and effect was to supply the omission of the General Assembly to elect an electoral board for the county of Warwick at the regular session of 1899-1900, leaving the general law intact.

The suggestion that the demand asserted by the defendants in error and the judgment complained of deprived plaintiffs in error of a *vested right* is likewise without merit. Members of electoral boards are not constitutional officers. The office is a legislative creation; and an election to it does not constitute a contract. Cooley's Const. Lim. (6th ed.), p. 331.

"When an office is created by statute it is wholly within the control of the Legislature.

Opinion.

"The term, the mode of appointment, and the compensation may be altered at pleasure, and the latter may be even taken away without abolishing the office." Id., p. 332, n.

There are no constitutional limitations upon that power, and the Legislature may exercise it without let or hindrance. *Foster* v. *Jones*, 79 Va. 642; *Frazier* v. *V. M. I.*, 81 Va. 59, 62.

In point of fact, section 64, as amended (Acts 1899-1900, p. 843), expressly provided that the terms of office of members of existing electoral boards should terminate on April 1, 1900, or upon the qualification of the members of the electoral boards elected at that session of the General Assembly, so that the official terms of plaintiffs in error expired at that date, and, as remarked, they were only holding after that time until their successors qualified. The latter clause does not extend the term, but merely enables an incumbent to hold over until the qualification of his successor.

*In Re Broaddus*, 32 Gratt. 779; *Kilpatrick* v. *Smith*, 77 Va. 347, 359; *Branham* v. *Long*, 78 Va. 352.

The power of the Legislature to supply the omission to elect those officers at the regular session, by electing them at the extra session, is conceded. Having done so by joint resolution, which took effect from its passage, the members of the new board were entitled to qualify immediately.

There is no error in the judgment complained of, and it must be affirmed.

*Affirmed.*