## CIRCUIT COURT OF SHENANDOAH COUNTY

Jack F. Dodson

v.

Shenandoah County

December 19, 1983

Case No. (Law) 2363

By Judge Perry W. Sarver

Set forth herein is the opinion of the Court after hearing evidence ore tenus on two different occasions and consideration of memoranda filed on behalf of employee Jack F. Dodson and employer County of Shenandoah, Virginia. Each party has stated the issues adequately in the respective memoranda filed with the Court, and in rendering this opinion, the Court will refer to the issues as framed in employer's Memorandum and found on page three thereof. Three issues are presented therein, and in addressing these issues, those issues set forth by employee, although framed slightly different, will also be answered.

After due consideration of all of the foregoing matters presented to the Court, the Court finds as follows:

(1) Employer's action in implementing its "New Policies and Directives for Building Inspection and Zoning Administrative Department," insofar as it affected Jack F. Dodson, is a grievable matter, and the Court finds that it is a grievable matter regardless of which grievance procedure is applicable, to wit, either the 1973 Shenandoah County Grievance Procedure or the State grievance procedure.

(2) The reinstatement of employee did not render moot the requirement for the matter to be grieved.

(3) The State Grievance Procedure as set forth in § 2.1–114.5:1 of the Code of Virginia of 1950 is the applicable procedure under which employee's grievance must be heard.

And now having answered the issues propounded to the Court, the Court sets forth herein the reasons for its rulings and in the same order as the issues are set forth herein above.

(1) The Court finds that the employer in implementing its new policies and directive in reorganizing the Department of Building Inspections and the Zoning Administrative Department, though while a management decision, its implications upon employee presented a grievable matter, insofar as employee was concerned, and this was due to the underlying facts and circumstances that motivated the implementation of the new policies. The Court does not consider whether or not the action of employer in reorganizing two of its departments (Building Inspections and Zoning) was correct and proper, since that is not an issue before the Court; however, the reasons for this reorganization and its implications upon employee is a grievable matter. The reasons for this reorganization clearly resulted in a disciplinary action causing employee to be demoted and therefore grievable under § 2.1–114.5:1(A)(i).

The Court refers to Petitioner's Exhibit 1 and Exhibit 8 filed with the papers in this cause. In reading the contents of these two exhibits, the Court can only conclude that employer's actions in reorganizing the Department of Building Inspection and transferring employee form the position of Building Official to that of Chief Building Inspector was more than a transfer and was in fact a demotion, even though there was no reduction in salary. If you compare the duties of Building Official as set forth in the job description for this position (Petitioner's Exhibit 4), and compare these duties with employee's new duties as set forth in Petitioner's Exhibit 1 and commencing on unnumbered page 7 thereof, it is clear to the Court that employee has been demoted and his job responsibilities substantially reduced. As Building Official, he was the administrative head of the entire department and was the chief officer in charge of the enforcement of the State Building Code. Under his new duties as Chief Building Inspector, he would be charged with the responsibility of inspecting commercial and industrial type buildings, primarily, and those structures not of average residential type construction. It is further noted that he was to perform other duties as assigned by the Administrative Head, Mr. Didawick, and also other duties assigned by the County Administrator, the Personnel Committee, or the Board of Supervisors.

As noted by counsel for employee in *Reed v. City Council of City of Roseville, et al.*, 141 P.2d 459 and on page 463 thereof, "[d]emotion means something more than a reduction in salary. To demote is to reduce to a lower rank of grade, and there may be a demotion in the type of position though salary may remain the same." Clearly, in the case at hand, the employee has been demoted, and thus he is entitled to a panel hearing pursuant to § 2.1–114.5:1(D)(4).

Employer states that its action is pursuant to those powers granted to it by the General Assembly under §§ 15.1–7, 15.1–701 and 702, and § 2.1–114.5:1(B) of the Code of Virginia. Counties have only those powers granted by either the Constitution of Virginia or statutory provisions. The statutory authority for granting powers is found in the Constitution of Virginia in Article VII, §§ 2 and 3, and the Court finds that a county government has the right to reorganize zoning and building departments, but it must do so pursuant to State statute and its actions, insofar as personnel are affected, must not be violative of § 2.1–114.5:1(A), notwithstanding the fact that the exclusive right to manage the affairs and operations of government are reserved to the governing body (Employer). And though it has the right to reorganize and the reorganization may be to align itself with a growing trend to combine zoning and building functions together in one department, the procedures in accomplishing such reorganization for doing so may subject Employer to grievances when such reorganization is prompted by dissatisfaction with Employee's job performance, such as the case at hand. The motives may be well founded and may also withstand the scrutiny of a panel hearing and, as noted above, that is not an issue before this Court. It is for the panel to decide whether Employer's actions were reasonable and proper and its action in reorganizing and demoting Employee was well founded.

Employee has the right to be heard not only pursuant to the provisions of § 2.1–115.5:1, but Employee also has the right to specific protection given to him under the *1981 Virginia Uniform Statewide Building Code* (VUSBC). Counsel for Employer argues that Employee is not entitled to the special protection afforded by § 102.3 of the VUSBC and that it is a regulation in conflict with a statute (§§ 15.1–701 and 15.1–702), and therefore, the regulation must fall.

Counsel for Employer cites no authority for their theory that, "If a regulation promulgated by an administrative agency conflicts with a statute, the regulation must fall."

Valid administrative rules or regulations are generally regarded as legislative enactments and have the same effect as if enacted by the legislature. They have the force of a statute and the same effect as if part of the original statute. They become integral parts of the statutes, particularly where they are legislative in nature — that is, are called for by the statute itself. 2 Am. Jur. 2d, *Administrative Law*, § 295 at page 122.

Reading further from 2 Am. Jur., *Administrative Law*, § 298, and on page 125, it is stated therein that, "An act of an administrative agency which is legislative in character and has the force of a statute is subject to the same tests as to its validity as an act of the legislature intended to accomplish the same purpose, whether such acts are rules or regulations, or general orders . . . . Thus there are applicable the rules in regard to presumption of validity and partial or entire invalidity . . . ."

The Court recognizes that administrative rules and regulations, to be valid, must be within the authority conferred upon the administrative agency and that a rule or regulation which is broader than the statute empowering the making of rules, or which oversteps the boundaries of interpretation of a statute by extending or restricting the statute contrary to its meaning, cannot be sustained. 2 Am. Jur. 2d, *Administrative Law*, § 300 at page 126.

Citing a basic rule of statutory construction as set forth in *City of Richmond v. County Board*, 199 Va. 685 (1958), "Repeal by implication is not favored, and the firmly established principle of law is that where two statutes are in apparent conflict, it is the duty of the court, if it be reasonably possible, to give to them such a construction as will give force and effect to each."

While we are dealing in this case with two statutes, §§ 15.1–701 and 15.1–702, and a regulation (§ 102.3 of the VUSBC), the Court holds pursuant to the authorities herein mentioned that § 102.3 is legislative in character and has the force of a statute since it is a regulation adopted pursuant to § 36–97 *et seq*. See also *Fairfax County v. M. & S., Inc.*, 222 Va. 230 (1981), wherein the Court rules that a particular section of BOCA/U.S.B.C. superseded a particular section of an ordinance adopted by Fairfax County, the ordinance and section both being administrative in nature and dealing with refunding of fees paid to the County for building permits. The Court also pointed out on page 236 that, "As noted in several recent deci-

sions, Virginia follows the Dillon Rule of strict construction concerning the legislative powers of local governing bodies . . . ."

All powers of Employer are derived from the State pursuant to statutes enacted by the General Assembly (and subject to the Dillon Rule), and the General Assembly has the right to define all powers that Employer has with regard to local governmental affairs. The County has the general authority to regulate its local affairs but subject to the various statutes enacted by the General Assembly. The Court sees no conflict between § 102.3 of VUSBC and §§ 15.1-701 and 15.1-702 or with § 2.1-114.5:1.

The Court does not find that § 102.3 of the VUSBC has exceeded the scope of the enabling legislation. The enabling legislation, Code § 36-98, directed the State Board of Housing to adopt and promulgate a uniform statewide building code, and implicit in this is the power to adopt administrative rules and procedures carrying out the building code, *Id.* at 236. The Court finds that § 102.3 pertaining to the removal of a building official is a very necessary and important part of the administration and enforcement of the building code. It insures fair and impartial administration and enforcement of the building code by providing that the building official cannot be removed from office except for cause and after having been afforded a full opportunity to be heard on specific and relevant charges by and before the appointing authority. Such is a reasonable regulation and affords protection to a local official, who, because of the nature of his office, may be embroiled in frequent controversy in dealings with the public.

(2) The Court finds that the alleged "reinstatement" of Employee by Employer was not in fact a reinstatement and was made only for the purpose of delaying the proceedings and affording the County an opportunity to enact a new grievance procedure that did comply with state law. Looking at the various definitions set forth in 36A *Words and Phrases* commencing on page 363 and in the Cumulative Supplement and comparing these definitions along with the definition found in *Black's Law Dictionary*, page 1452, with the facts in this case, the Court finds that Employee was not reinstated in any sense of the word. Probably the most compelling evidence is the testimony of the County Administrator, who was very candid in stating to the court, that Employer recognized that there was a question with regard to the validity of the present grievance procedure and since

Employer did not have a valid procedure, it reinstated Employee to render moot the question of which grievance procedure they would be under, then suspended him for thirty days with pay to afford them the necessary time to adopt a new grievance procedure that would conform with state law. The Court needs to look only at the Petitioner's Exhibit 9 (Minutes of a Recessed Meeting of Employer, held on July 29, 1983) to decide that the reinstatement was not in fact a true reinstatement restoring Employee to exactly the same position he had before dismissal or to the same state from which he had been removed. It was a reinstatement in name only, and in the same meeting in which Employee was reinstated, he was then placed on administrative leave, though with pay, but relieved of all of his duties and responsibilities, required. to turn in his keys to the County automobile furnished to him, and, more importantly, the keys to the office building and to his office. In the same meeting, Mr. Didawick, who had previously been named as Building Official resigned and was then named as Acting Building Official. Employer argues that the motive behind the County's action is immaterial, and the Court should not consider the County's motive, if its action is within the recognized scope of governmental functions, and cites the case of *Blankenship v. City of Richmond*, 188 Va. 97 (1948). This case dealt with a purely legislative function, that of zoning, and the Court does not feel that such are the circumstances here. It is true that the reorganization of the Building Inspection Department and the reinstatement of Employee were governmental functions; but they were not pure legislative functions as in the Blankenship case but are administrative in nature and subject to both § 2.1–114.5:1 and § 102.3 of the VUSBC. The Court holds that motive can be examined when such affect personnel actions that come within the purview of § 2.1–114.5:1 or the provisions of VUSBC.

(3) The Court will not go to any great lengths to address this issue since, at the request of the Court, a meeting was held with counsel subsequent to the ore tenus hearings and filing of the various memorandum. Counsel for both employer and employee agreed that it would be in the interest of both parties to establish the panel in accordance with § 2.1–114.5:1(B)(4) in the event that the Court rules that Employee is entitled to a panel hearing, which it has done.

Counsel for Employee takes the position that the 1973 procedure should govern, primarily due to the fact that the question as to what

is a grievable matter is much broader. Since the Court has ruled that the Employee has a grievance, entitling him to a panel hearing, as defined in § 2.1–114.5:1(A) and this definition is somewhat more narrow than the 1973 definition of a grievance, the Court rules that the state grievance procedure should be the procedure to follow, since there is no question as to the respective rights and responsibilities of the parties if the state procedure is followed, and there is a question as to the status of the binding procedure to be followed if a procedure other than the existing state procedure is utilized. The record is far from being clear as to what has transpired over the past ten years with regard to the implementation of a grievance procedure in Shenandoah County and the effect of various correspondence that has been received from the Department of Personnel and Training. There is correspondence to indicate that the state grievance procedure should be followed, since the Shenandoah County procedure did not conform to the State requirements. But, then there is also a letter that has been introduced into evidence from J. C. Rees, dated February 9, 1979 (Petitioner's Exhibit 11), which indicates that the County could use a panel under the method set forth in the 1973 procedure but could not use the panel as set forth in its revised grievance procedure that was submitted for approval in 1979.

It is the position of the Court that the ends of justice will best be served and the rights of both parties properly protected if the existing state procedure is followed with regard to any further panel proceedings conducted pursuant to the ruling of the Court.