## BROAD STREET AUTO SALES, INC.

### V.

## MARIE B. BAXTER

Record No. 821774

September 6, 1985

Present: All the Justices.

*Denis C. Englisby (Englisby & Barnes, on brief), for appellant. Henry W. McLaughlin, III (Central Virginia Legal Aid Society, Inc., on brief), for appellee.*

PER CURIAM.

Marie B. Baxter, appellee, instituted an action in detinue against Broad Street Auto Sales, Inc. (Auto Sales), appellant, to recover possession of an automobile or its alternate value. In this appeal, we decide whether, under the facts presented, detinue will lie.

The facts are undisputed. Auto Sales sold the automobile to Baxter for $1,576.90. Baxter made a $481.90 cash down payment, which left an unpaid balance of $1,095. The sales contract provided for $70 biweekly installment payments on the balance. In the event of a default in the payment of any installment not cured within 10 days, Auto Sales, at its option, could "accelerate the terms of [the] contract and collect from [Baxter] the balance due." Auto Sales retained title to the automobile, and the contract contained a security agreement clause authorizing Auto Sales to repossess the automobile in the event of default.

Baxter did not pay the $70 installment due November 25, 1981, and on December 9, 1981, Auto Sales repossessed the automobile. Following the repossession, Baxter tendered Auto Sales a $70 check which Auto Sales refused. On December 14, 1981, Auto Sales wrote a letter to Baxter stating that it had "accelerated the debt and repossessed the vehicle," that Baxter could "redeem" the automobile by paying one-half of the unpaid balance due ($442.50) and the cost of repossession ($75) within 10 days, and that, if Baxter redeemed the automobile, payments would resume with the next scheduled payment after the date of redemption. Baxter did not pay the amount demanded, and Auto Sales sold the automobile.

On December 21, 1981, Baxter filed this detinue action in the general district court, and she was granted a money judgment. Auto Sales appealed to the circuit court where a trial *de novo* was conducted. At trial, Auto Sales contended that a detinue action would not lie because the evidence showed conclusively that Auto Sales, and not Baxter, was lawfully in possession of the automobile. Nevertheless, the trial court awarded Baxter a $500 judgment, and this appeal ensued.

The object of a detinue action is to recover specific personal property and damages for its detention. *MacPherson* v. *Green*, 197 Va. 27, 32, 87 S.E.2d 785, 789 (1955). The action is employed to recover a chattel from one in possession who unlawfully

detains it from either the true owner or one lawfully entitled to its possession. *Sinclair* v. *Young*, 100 Va. 284, 287, 40 S.E. 907, 908 (1902). If the specific property cannot be returned, judgment is rendered for its value. *Id.* However, one cannot sue in detinue and recover for breach of contract. *MacPherson*, 197 Va. at 32-33, 87 S.E.2d at 790.

■ In the present case, Auto Sales had the right to repossess the automobile if Baxter defaulted under the contract. Baxter did default, and the automobile was repossessed. Thus, because Auto Sales was in lawful possession of the automobile and Baxter no longer was entitled to its possession, Baxter could not maintain a detinue action. Because the trial court erred in failing to dismiss Baxter's detinue action, we will reverse the judgment and enter final judgment in favor of Auto Sales.

*Reversed and final judgment.*