# CIRCUIT COURT OF LOUDOUN COUNTY

Peggy Huber

v.

Loudoun County
Board of Supervisors et al.

June 15, 2001

Case No. (Chancery) 20797

BY JUDGE THOMAS D. HORNE

In this action for declaratory and injunctive relief, the petitioner seeks to enjoin the Planning Commission from recommending a comprehensive plan to the Board of Supervisors of Loudoun County. Va. Code Ann. §§ 8.01-184 through 8.01-191, 15.2-2223 through 15.2-2232. Petitioner states that she is a resident, owner of real property, and taxpayer of Loudoun County, Virginia. She asserts that she has been harmed by the actions of the Board of Supervisors and Planning Commission of Loudoun County. No harm peculiar to her, as distinguished from other residents and taxpayers, is set forth in the pleading.

It is her contention that (1) certain members of the commission lack the necessary statutory qualifications, (2) necessary studies and surveys for the approval of the comprehensive plan have not been conducted, and (3) proper notice precedent to the adoption of the comprehensive plan has not been given.

Counsel for the respondents correctly states that a suit for declaratory judgment is not an appropriate vehicle to establish the entitlement of a person to sit on the planning commission. If the petitioner has a remedy, such remedy is afforded upon a petition for a writ *quo warranto* or mandamus. Va. Code Ann. § 8.01-636; *Sinclair v. Young*, 100 Va. 284 (1902). Thus, the demurrer

will be sustained as to the request that the Court decide the rights of the commissioners to serve by declaratory judgment.

It is not required that the planning commission survey and study all of the matters set forth in Va. Code Ann. § 15.2-2224. That section clearly provides that the commission shall study "such matters as" those listed in the statute. Thus, the list is not exhaustive or exclusive to the inquiry. Even if the Court were to assume the planning commission to be under a mandate to survey and study each of the areas specified in the statute, petitioner cannot prevail on demurrer. As counsel for respondents notes, Ms. Huber lacks standing to challenge any failure to conduct such studies.

In analyzing the issue of standing, the Court is guided by the appropriate principle to be applied in such cases, that:

[i]n asking whether a person has standing, we ask, in essence, whether he has a sufficient interest in the subject matter of the case so that the parties will be actual adversaries and the issues will be fully and faithfully developed.

*Cupp v. Board of Supervisors*, 227 Va. 580, 589 (1984).

Ms. Huber must plead facts as might justify a conclusion that she has a "personal stake in the outcome of the controversy." *Id*. at 589, citing *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 72 (1978) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

Here, complainant fails to set forth facts that would lead to the conclusion that she has a "justiciable interest" in the controversy that she suggests exists between her, the Board, and the Planning Commission. Ms. Huber is required to, "demonstrate an actual controversy ... such that [her] rights will be affected by the outcome of the case." *W. S. Carnes, Inc. v. Board of Supervisors of Chesterfield County*, 252 Va. 377, 383 (1996). She must show that she has some interest affected by the actions of the Board and Commission that are peculiar to her and not shared generally with other taxpayers and residents of the County. *Nicholas v. Lawrence*, 161 Va. 589 (1933); *Cf. Gordon v. Board of Supervisors of Fairfax County*, 207 Va. 827 (1967). Failing to show such an interest, the demurrer must be sustained and the case dismissed.

The Court finds that the advertising requirements of Va. Code Ann. §§ 15.2-2204, 15.2-2225, and 15.2-2229 have been complied with. Accordingly, the demurrer is sustained with respect to the complaint that proper notice of proceedings before the Commission had not been given.

Closely intertwined with the issue of standing is that of jurisdiction of the Court to award declaratory relief in the instant case. In order for the Court to provide such relief, it must find that an "actual controversy" exists between the parties. Va. Code Ann. §§ 8.01-184 through 8.01-191; *Cupp v. Board of Supervisors*, 227 Va. 580, 589 (1984). Ms. Huber has identified no right peculiar to her person or property that is interfered with by reason of the actions of the Planning Commission or Board. She has identified nothing that would indicate she will be injured by the approval of the comprehensive plan by the Commission. The comprehensive plan is but a planning vehicle or platform for zoning. As the Court observed in *City of Fairfax v. Shanklin*, 205 Va. 227, 229-30:

> [w]e are of the opinion that the trial court should not have taken jurisdiction of the declaratory judgment action in the first instance.
>
> Code § 8-578 is the statutory authority for declaratory judgment proceedings in this Commonwealth. From it stem the jurisdiction of the courts of record to entertain applications for declaratory relief and the power to make binding adjudications of the rights of the parties involved.
>
> But the same Code section also imposes limitations upon the exercise of such jurisdiction and power. It must appear that there is an "actual controversy" existing between the parties based upon an, "actual antagonistic assertion and denial of right," before the application can be entertained and an adjudication made. [Authorities omitted.]
>
> The controversy must be one that is justiciable, that is, where specific adverse claims, based upon present rather that future, or speculative facts, are ripe for judicial adjustment. [Authorities omitted.]
>
> The reason for these rules is that the courts are not constituted, and the declaratory judgment statute was not intended to vest them with authority, to render advisory opinions, to decide moot questions, or to answer inquiries which are merely speculative. [Authorities omitted.]

Were the Court to act in this case, it would be to advise and not adjudicate. Furthermore, it would be unjustifiably interfering with the deliberative process of elected and appointed officials when no particularized harm to the complainant has been identified. The declaratory judgment statute was not intended to grant jurisdiction to the Court to intervene in such cases.

Mr. Roberts may draw a Decree sustaining the demurrer and dismissing the instant Bill of Complaint, to which Mr. Plofchan may note his exceptions.