## CIRCUIT COURT OF FAIRFAX COUNTY

Louise Root

v.

Fairfax County et al.

December 14, 2010

Case No. CL-2008-5303

BY JUDGE ROBERT J. SMITH

This matter comes before the Court on Defendant Fairfax County's demurrer to Count I (injunctive relief) of Plaintiff's complaint. After considering the oral arguments of counsel and reviewing the applicable legal authority, the Court finds that Plaintiff has an adequate remedy at law and that an injunction does not lie against the County. Therefore, the County's demurrer is sustained without leave to amend, and the case is dismissed as to Fairfax County.

### Background

On December 13, 2004, Fairfax County Animal Control Officers seized seventeen of Plaintiff's dogs. Two days later, the Officers seized Plaintiff's horse. The Officers petitioned the Fairfax County General District Court ("District Court") for a hearing to determine whether the animals had been mistreated and abandoned under Va. Code Ann. § 3.1-796.115(A) (2010).

The District Court conducted a hearing on December 22, 2004, and ordered that seven of the dogs be returned to Plaintiff and that the remaining animals be made available for adoption. On January 3, 2005, the District Court continued the case until January 19, 2005, for review. The purpose of the subsequent review was to follow the progress on adoptions, reevaluate Plaintiff's living conditions, and to see if those conditions had been made suitable for the return of any animals that had not been adopted.

For reasons unknown, the District Court, on December 15, 2005, vacated the January 3, 2005, order. On January 19, 2005, the District Court continued the case to February 7, 2005, then to February 17, 2005, and then to February 16, 2006.

On February 22, 2006, Judge Lorraine Nordlund entered an order dismissing the Cruelty to Animals charge and permitted Plaintiff to keep the animals already in her care. Plaintiff appealed this decision, and this Court held a bench trial on July 6, 2006. Even though the Court entered an oral ruling, Plaintiff moved for a new trial nine months later. At the hearing on Plaintiff's motion, the Commonwealth's Attorney Office moved for a nonsuit, and this Court entered a nonsuit order on April 16, 2007. Although styled in the nature of a criminal action, this matter is actually a civil proceeding. Thus the provisions of Virginia Code § 8.01-380 apply.

On April 22, 2008, Plaintiff filed the present complaint against the County and eight individuals who adopted her animals, seeking an injunction and alleging a due process violation. Plaintiff removed the due process claim to the United States District Court for the Eastern District of Virginia, and that Court dismissed the case on June 19, 2008. With regard to her injunction argument, Plaintiff contends that, since the General District Court never entered a final order regarding the disposal of Plaintiff's animals, the County did not have the right to put the animals up for adoption and must now return them to her.

In its demurrer, the County argues that the District Court entered a final order on January 3, 2005, and Plaintiff, having failed to appeal it timely, has no further recourse in this Court. The County also maintains that injunctive relief is not proper in this case, and that, at the very least, the County cannot be compelled to return the animals to Plaintiff because it no longer has them.

*Analysis*

A. *Finality of January 3, 2005, Order*

County contends that the January 3, 2005 order was final and should preclude Plaintiff from proceeding on her complaint. Plaintiff counters that the order was not final because it created a possibility of review and return of the animals to Plaintiff.

Generally, "a final judgment is one which disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment." *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560, 561 S.E.2d 734, 737 (2002), *citing Daniels v. Truck & Equipment Corp.*, 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964). Finality is present only when an order or decree "disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by

the court in the cause except its ministerial execution." *Brooks v. Roanoke County Sanitation Auth.*, 201 Va. 934, 936, 114 S.E.2d 758, 760 (1960); *Feldman v. Rucker*, 201 Va. 11, 17, 109 S.E.2d 379, 384 (1959); *Richardson v. Gardner*, 128 Va. 676, 682, 105 S.E. 225, 227 (1920). Hence, where the court reserves further action to achieve complete relief, the order is not final but interlocutory. *Brooks*, 201 Va. at 936.

In *Richardson*, the Court held that, because the order directing the sale of the lands did not specify a mechanism for handling the proceeds, further action was necessary, and the order was not final. 128 Va. at 683. In the case at bar, the January 3, 2005, order directed that seven of the dogs be returned to Plaintiff and that the rest of the animals be made available for adoption. However, the order also continued the matter until January 19, 2005, for a determination whether Plaintiff "has maintained the residence in sanitary fashion and has properly cared for the animals returned to her previously; and further if [Plaintiff] has made further improvement to the yard and residence in order to accommodate the return of any additional animals not yet adopted."

The language of the January 3, 2005, order plainly indicates that the District Court contemplated additional relief and continued the matter for further consideration. Unlike *Richardson*, where the Supreme Court *implied* the necessity of further action by the trial court, here such further action was specifically scheduled and reserved by the District Court. Therefore, the January 3, 2005, order was merely interlocutory and cannot be considered final.

Due to several delays and schedule changes, the review intended by the District Court did not occur until February 16, 2006. After Plaintiff's appeal and a subsequent motion for a new trial, the Commonwealth's Attorney's Office nonsuited the matter. The nonsuit was the first final order in this case. Since the January 3, 2005, order was not final, Plaintiff did not need to appeal it, and Rule 1:1 did not estop her from filing her complaint on April 22, 2008.

## B. *Appropriateness of an Injunction against County*

The County then argues that injunctive relief is not a proper remedy in this case because Plaintiff has an adequate remedy at law, namely an action in detinue. In Virginia, to obtain an injunction the complainant must show irreparable harm and lack of an adequate remedy at law. *Wright v. Castles*, 232 Va. 218, 224, 349 S.E.2d 125, 129 (1986). Furthermore, the inability to determine monetary damages and the possibility of multiple lawsuits can serve as the necessary prerequisite for securing an injunction. *Black & White Cars, Inc. v. Groome Transportation*, 247 Va. 426, 431-32, 442 S.E.2d 391, 395 (1994).

An action in detinue usually entails recovery of personal property or an award of damages if the property in question cannot be returned. *Broad St. Auto Sales v. Baxter*, 230 Va. 1, 2, 334 S.E.2d 293, 294 (1985). Furthermore, an action in detinue lies against the person or entity in possession of the specific personal property. *Id.*

It is undisputed that, under the law of the Commonwealth of Virginia, animals are personal property. *Kondaurov v. Kerdasha*, 271 Va. 646, 657, 629 S.E.2d 181, 187 (2006). Thus, if this Court finds that an action in detinue would provide an adequate remedy to Plaintiff, injunctive relief may not be awarded. It should be noted that only an *adequate* remedy at law serves to preclude an injunction; if the legal remedy is not sufficient to recompense the complainant, an injunction is proper. *See, e.g., Clark Equipment Co. v. Armstrong Equipment Co.*, 431 F.2d 54, 56-57 (5th Cir. 1970) (holding that, even though detinue was an available remedy, seeking return of equipment from five different states made it inadequate and injunctive relief was proper).

In the instant case, Plaintiff's horse and nine of the dogs (the tenth dog was euthanized after the animals had been seized) are in possession of the eight individual co-defendants who adopted the animals. Plaintiff's remedy at law is to bring actions in detinue against these individuals to have the animals returned to her. Given that this remedy is available to Plaintiff and that she does not seek any unascertainable monetary damages, an action in detinue presents an adequate remedy at law.

Furthermore, the County no longer has the animals, as all of them have been distributed to their adoptive owners. It is a well settled principle of law that an injunction should not lie where the act to be enjoined is already completed. *Claytor v. Anthony*, 56 Va. (15 Gratt.) 518 (1860). Since the distribution and adoption of the animals have been completed, there is no action by the County for this Court to enjoin.

Assuming that an injunction could lie against the County, Count I of Plaintiff's complaint does not pass the demurrer standard. A demurrer tests whether a plaintiff's pleading states a cause of action upon which relief can be granted. Va. Code Ann. § 8.01-273(A) (2010). The sole question to be decided by the court is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against a defendant. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001).

A complaint for an injunction must distinctly allege the two noted elements of injunctive relief, irreparable injury and inadequacy of legal remedies. *Patterson v. Saunders*, 194 Va. 607, 610, 74 S.E.2d 204, 207 (1953) (holding that all elements of an equitable action must be set forth in the complaint); *Collins v. Sutton*, 94 Va. 127, 26 S.E. 415 (1896) (concluding that a complaint that does not allege irreparable harm is demurrable); *Yancy v. Fenwick*, 14 Va. (4 Hen. & M.) 423, 423-24 (1809) ("This Court can

only give [injunctive] relief, where the law affords none; unless the party, asking for it, could not avail himself at law; and then the circumstances must always be stated in the bill."). Plaintiff's complaint does not allege either inadequacy of any remedy at law or irreparable injury. Therefore, a sufficient cause of action for injunctive relief has not been stated.

For the reasons noted above, namely, that Plaintiff has an adequate remedy at law, that no injunction can lie against the County after the animals have already been adopted, and that Plaintiff did not state a cause of action for injunctive relief, the County's demurrer is sustained without leave to amend, and the case is dismissed as to the County.