## CIRCUIT COURT OF PULASKI COUNTY

Thomas Mason Compton

v.

Town of Pulaski et al.

January 31, 2014

Case No. C13-535

By Judge Colin R. Gibb

The petitioner, Thomas Mason Compton, seeks the issuance of a Writ of Mandamus directed to William D. Pedigo, town engineer for Pulaski, and the Town Council of Pulaski. The narrow question in this case is whether Compton was the local building official and should have been afforded the protection of Section 105.1 of Chapter 63, Title 13, Agency No. 5, of the Virginia Administrative Code (13 VAC 5-63-50) at the time of his termination. This section provides in pertinent part that:

> [e]very local building department shall have a building official as the executive in charge of the department. The building official shall be appointed in a manner selected by the local governing body. After permanent appointment, the building official shall not be removed from office except for cause after having been afforded a full opportunity to be heard on specific and relevant charges by and before the appointing authority.

Upon consideration of the petition, hearing, and argument of counsel, the Court finds that Compton was the *de facto* building official for Pulaski and that he comes under the protections of Subsection 105.1. Thus, Compton was removed from his office improperly because the Town of Pulaski failed to afford Compton a hearing prior to his termination. Therefore, a Writ of Mandamus is issued, and Compton should be reinstated to his former position.

While a Writ of Mandamus is generally regarded as "an extraordinary remedy" in Virginia, *In re Commonwealth*, 278 Va. 1, 8, 677 S.E.2d 236 (2009), "[f]or over 200 years, courts in this Commonwealth have held that the Writ of Mandamus is a proper remedy to restore a public officer who has been unlawfully removed or deprived of that office." *In re Hannett*,

270 Va. 223, 233, 619 S.E.2d 465 (2005), see also *Giles County Bd. of Supervisors v. Carr*, 222 Va. 379, 381-82, 282 S.E.2d 14 (1981) (citing *Dew v. Judges of Sweet Springs*, 13 Va. (3 Hen. & M.) 1 (1808); *Sinclair v. Young*, 100 Va. 284, 40 S.E. 907 (1902). "Mandamus is a proper remedy because this procedure accords prompt resolution of issues relating to the opposition of a public office, and mandamus provides the most convenient and complete relief." *Id.* (citing *Bunting v. Willis*, 68 Va. 144, 161 (1876). Therefore, if the Town Council acted to improperly remove Compton from his public office, then mandamus is the "appropriate remedy" to restore him to his position until the Council acts properly to remove him. *Id.*

At the time of his termination and for many years prior thereto, Compton was in effect the building official for the Town of Pulaski, and he was the only person in the Town who was acting in that capacity. He was the official in the Town with the authority to issue permits, the application for which "shall be made to the building official" pursuant to Section 108.1 of Chapter 63, Title 13, Agency No. 5, of the Virginia Administrative Code (13 VAC 5-63-80) and the examination of which is principally the duty of the building official. He signed on behalf of the Town in legal matters pertaining to the building code. In effect, he served as "the chief officer in charge of the enforcement of the State Building Code" for the Town of Pulaski.

The Court recognizes that the Town initially hired Compton as a code compliance officer and never formally appointed him as the local building official. Through his twenty-seven years of service with the Town, his position evolved into the building inspector and *de facto* building official. Despite the lack of a formal appointment, Compton became the Town's building official by default because the Town had enhanced his position to incorporate all the duties and responsibilities of a local building official. While it was in the Town's interests for him to serve as their building official, the Town cloaked him with the authority of the office and position. It was only after the Town's interests apparently shifted that the Town has rescinded their recognition of that authority. The Court is, therefore, of the opinion that the Town is estopped from claiming that Compton is merely a compliance officer and not the building official protected by Subsection 105.1.

As the Town's *de facto* building official. Compton could be removed from his office only after the Town afforded him a full opportunity to be heard on specific and relevant charges by and before the appointing authority. 13 VAC 5-63-50. This form of restriction on the ability to terminate a building official helps serve the state's interest in the "fair and impartial administration and enforcement of the building code." *Dodson v. Shenandoah County*, 27 Va. Cir. 479 (1983). The provision "is a reasonable regulation and affords protection to a local official, who, because of the nature of his office, may be embroiled in frequent controversy in dealings with the public" and, therefore, is meant to apply to circumstances as the ones present in this case. *Id.*

Because the Town failed to provide a hearing before discharging Compton, he was not properly removed from his position in the Town and should be reinstated.